UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| JAMES BELTRAME, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-73 |
| SOUTHERN CROSS, LLC, | ) ) ) |
| Defendant. | ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE OF PLAINTIFF'S FLSA AND WISCONSIN STATE LAW WAGE AND HOUR CLAIMS**

Plaintiff James Beltrame ("Beltrame") and Defendant Southern Cross, LLC ("SC") (collectively, the "Parties") hereby request that this Court approve the settlement reached by the Parties in this lawsuit. The Parties seek the court's approval because the settlement involves a release of all claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL"), which require this Court's approval to be binding.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On January 16, 2020, Beltrame commenced this lawsuit by filing a complaint which asserted two Counts against SC: Count I for allegedly for unpaid overtime under the FLSA, and Count II for the same allegedly unpaid overtime under the WWPCL (the "Complaint""). Plaintiff brought this lawsuit on his own behalf and on behalf of others similarly situated for purposes of both the FLSA and the WWPCL Counts. SC denies any liability and has asserted numerous

1

affirmative defenses, including, *inter alia,* that Plaintiff's alleged claims are time-barred and that Plaintiff is are not entitled to liquidated damages or civil penalties.

Following extensive negotiations, including (1) a third-party audit and review of data regarding the hours of work and compensation of Plaintiff and alleged putative class/collective members, and (2) a detailed analysis of the relevant case law authority, (A) Plaintiff's Counsel agreed to withdraw the alleged class action claims and collective action claims because each alleged member of the putative class and collective has been paid all wages or other compensation they are owed, and (B) the Parties have executed a confidential Settlement Agreement and Release of All Claims (the "Agreement") which has been filed under seal as Exhibit A to this Joint Motion.

As outlined in the Agreement, Plaintiff agrees, *inter alia*, to a general release of all claims through the date of settlement, including any claim Plaintiff may have against Defendant under the FLSA, the WWPCL, and/or common law theories for unpaid wages, back wages, interest, liquidated damages, penalties, attorneys' fees, costs, and expenses, incentives/service fees, and other forms of compensation or relief related to unpaid wages. Under the terms of the Agreement, Plaintiff also agrees to withdraw any alleged class claims and/or collective claims and to dismiss Plaintiff's lawsuit against SC in its entirety. As such, any alleged class claims and/or collective claims are essentially dismissed without prejudice. With respect to Plaintiff's individual claims against SC, however, the dismissal is with prejudice. *See e.g. Elliott v. Allstate Investigations. Inc*., 2008 U.S. Dist. LEXIS 21090, at * 4-7 (S.D.N.Y. March 19, 2008) (approving FLSA settlement of named plaintiff where action was dismissed with prejudice as to the individual and without prejudice as to the putative class members, and observing that "where a dismissal is without prejudice to absent class members' pursuit of their own claims, there is little likelihood of prejudice to them in the absence of evidence that they have relied on the existence of the class action"); *accord Gardner v. Sprint/United Mgmt. Co.*. 2009 U.S. Dist. LEXIS 56758 at * 9 (D. Kan. July 2,

2

2009). Thus, this Settlement is neither a "class" settlement under Fed. R. Civ. P. 23 (or under 735 ILCS §5/2-801 and §5/2-802) binding all members of a putative class, nor a settlement of a "collective action" under the FLSA binding all members of an FLSA Collective.

The Settlement Amount in the Agreement includes payments for Plaintiff's allegedly unpaid overtime hours, liquidated damages and civil penalties which Plaintiff alleges were recoverable under the FLSA and WWPCL if Plaintiff had prevailed on the merits of his individual claims, and payment for Plaintiff's attorney's fees and cost which were reasonably incurred. Defendant has agreed not to contest Plaintiffs' counsel's receipt of a specified portion of the Settlement Amount as payment of these reasonably incurred attorney's fees and costs.

For the reasons stated below, the parties request that the Court enter a Stipulated Order dismissing this lawsuit.[1]

## II. THE PARTIES JOINTLY REQUEST THE COURT TO APPROVE THE SETTLEMENT

If a settlement in an employee FLSA or state law wage and hour suit reflects a reasonable compromise over issues such as statutory coverage or computation of back wages that are actually in dispute, a court is permitted to approve the settlement to promote the policy of encouraging the settlement of litigation. *Lynn's Food Stores. Inc, v. United States,* 679 F.2d 1350, 1352-53 (11th Cir. 1982). In reviewing the fairness of the settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Jimenez v. JPMorgan Chase & Co.*. 2008 U.S. Dist. LEXIS 72605 at * 2 (S.D. Cal. Sept. 23, 2008).

### A. THIS SETTLEMENT ARISES IN THE CONTEXT OF CONTESTED LITIGATION

The adversary nature of a litigated FLSA or state law wage and hour case is an indicia of fairness because the initiation of a lawsuit by the employee provides assurance that the

---

[1] For the Court's convenience, a Proposed Order is attached as Exhibit B.

3

Case 1:20-cv-00073-WCG    Filed 11/19/20    Page 3 of 7    Document 20

compromise before the Court arose in an adversarial context. *Lynn*, 679 F.2d at 1354. When the employee has initiated a lawsuit, the employee is "likely to be represented by an attorney who can protect their rights under the statute." *Id.* Under such circumstances, "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*

Here, as this Court is aware, Plaintiff initiated this lawsuit with the assistance of their legal counsel, which is extremely experienced in wage and hour litigation. Indeed, this Court has presided over similar lawsuits brought by Plaintiff's counsel on behalf of employees in the past. *See, e.g., Slaaen, et al. v. Senior Lifestyle Corporation, et al.,* 18-cv-1562 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Thomas Melzer v. Pro Label, Inc.,* Case No. 18-cv-1080, ECF No. 37 (E.D. Wis. January 23, 2020) (Griesbach, J.); *David Lee v. UL LLC,* Case No. 17-cv-1617, ECF No. 19 (E.D. Wis. November 25, 2019) (Griesbach, J.); *Nicholas Johnson v. National Technologies, Inc.*, No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.); and *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.).. Plaintiff was represented by counsel throughout the litigation, including throughout the settlement negotiations. The Settlement reached is a result of the adversarial process.

### B. THIS SETTLEMENT REFLECTS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

This Settlement was reached as a result of arm's-length negotiations by experienced counsel. In reaching a compromise, Plaintiff and his counsel weighed the strengths and weaknesses of Plaintiff's case, as well as the risks and expenses associated with continued litigation. The Parties have exchanged information, including information relating to the number of hours worked per week by each alleged member of the putative class and FLSA collective action and the

4

compensation SC paid each of these employees. After a detailed review of all of this information, Plaintiff's Counsel agreed to withdraw the alleged class action claims and collective action claims because, during the pendency of the litigation, each alleged member of the putative class and collective has been paid all wages or other compensation they are owed.

Further, the Settlement of Plaintiff's individual claims offers immediate relief to Plaintiff. Further litigation would have imposed significant time and expense burdens on both Parties and the costs of litigating the case would likely have exceeded potential damages.

Based on their knowledge of the specific facts of this case, including Plaintiff's potential individual damages if he were to prevail on the merits, the applicable law, the difficulties associated with certifying a class or collective action, and their experience in other FLSA and state law wage and hour actions, Plaintiff's counsel believes the Settlement is fair and reasonable.

Plaintiff and his counsel have reviewed information produced by SC, including information relating to the number hours Plaintiff worked per week and the amount and timing of bonuses he received while employed by SC. Plaintiff then recalculated his regular rate of pay by making reasonable assumptions regarding the alleged non-discretionary nature of payments paid to Plaintiff and then applied those assumptions to a methodology approved by the United States Department of Labor, see e.g. 29 C.F.R. § 778.209. Ultimately, the parties agree that these amounts are likely more than what constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the parties' evaluation of Defendant's payroll and time records and the risks of continued litigation. In fact, Plaintiff is obtaining full relief (if not greater relief than he even alleged) without even considering the risks of continued litigation.

5

Case 1:20-cv-00073-WCG    Filed 11/19/20    Page 5 of 7    Document 20

Finally, it should be emphasized that because Plaintiff's Counsel will withdraw the alleged class action claims and collective action claims as part of this settlement and no class has yet been certified, the claims of any potential class and/or collective members are dismissed without prejudice. Thus, potential class members are not prejudiced by Plaintiff's settlement of his individual claims and dismissal of the lawsuit against SC, with prejudice.

## CONCLUSION

The proposed Settlement resolves a bona fide dispute under the federal and state wage-and-hour laws. It provides a substantial benefit to the named Plaintiff, and any alleged potential class action claims or collective action claims are withdrawn. For these reasons, and all of the reasons articulated herein, this Court should grant the Parties' Joint Motion, approve the Settlement as fair and reasonable, and enter the proposed dismissal order attached as Exhibit B.

Respectfully submitted,

| **JAMES BELTRAME** | **SOUTHERN CROSS, LLC** |
|---|---|
| s/ *David M. Potteiger* | s/ *Stephen P. Ellenbecker* |
| David M. Potteiger | Stephen P. Ellenbecker |
| WALCHESKE & LUZI, LLC | JOHNSON & BELL, LTD. |
| 15850 W. Bluemound Road, Suite 304 | 33 W. Monroe St., Suite 2700 |
| Brookfield, Wisconsin 53005 | Chicago, Illinois 60603 |
| Phone: (262) 780-1953 | Phone: (312) 372-0770 |
| Fax: (262) 565-6469 | Fax: (312) 372-9818 |
| dpotteiger@walcheskeluzi.com | ellenbeckers@jbltd.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

By: /s/ *Stephen P. Ellenbecker*_____